# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>YELLOW CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-11069 (CTG)<br><br>(Jointly Administered) |
| Yellow Corporation, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>Defendants Listed on Exhibit "2",<br>Defendant. | Adv. No. See Exhibit "2"<br><br>Re: Docket No. 7635 |

**ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS WITH TOTAL IN CONTROVERSY GREATER THAN $150,000.00 BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, 548, 549 AND 550 OF THE BANKRUPTCY CODE**

Upon the *Motion for Orders Establishing Streamlined Governing Adversary Proceedings Brought by Plaintiffs Pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code*, (the "Procedures Motion")[2] filed by Yellow Corporation and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors" or "Plaintiffs"), by and through their counsel, for entry of a procedures order (the "Procedures Order") pursuant to sections 102(1) and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 7016, 7026 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 7016-1, 7016-2, and 9019-5 of the Local

---

[1] A complete list of each of the Debtors in these Chapter 11 Cases may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/YellowCorporation. The location of the Debtors' principal place of business and the Debtors' service address in these Chapter 11 Cases is: 11500 Outlook Street, Suite 400, Overland Park, Kansas 66211.

[2] Capitalized terms not otherwise defined herein shall have the same meaning ascribed to them as in the Procedures Motion.

Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), establishing streamlined procedures governing all adversary proceedings with total amount in controversy greater than $150,000.00 brought by Plaintiffs under sections 502, 547, 548, and 550 of the Bankruptcy Code, which are identified in **Exhibit 2** annexed hereto (each an "Avoidance Action," collectively, the "Avoidance Actions"); and this Court having jurisdiction to consider and determine the Procedures Motion as a core proceeding in accordance with 28 U.S.C. §§ 157, 1331 and 1334; and any objections raised and heard at a hearing at which all parties were permitted to present their arguments and contentions; and it appearing that the relief requested by the Procedures Motion is necessary and in the best interests of the parties; and due notice of the Procedures Motion having been provided; and it appearing that no other or further notice of the Procedures Motion need be provided; and sufficient cause appearing therefor, it is hereby:

ORDERED, that the Procedures Motion be, and hereby is, granted in all respects; and it is further

ORDERED, the procedures governing all parties to the Avoidance Actions are as follows:

A. **Effectiveness of the Procedures Order**

1. This Procedures Order approving the Procedures Motion shall apply to all Defendants in the Avoidance Actions. To the extent a party is subject to this Procedures Order as well as the Procedures Order applicable to those cases with an amount in controversy less than or equal to $150,000.00 in connection with another Avoidance Action, the parties shall meet and confer to decide whether the actions should proceed under one procedures order or the other. If an agreement cannot be reached, the parties may apply to the Court for resolution.

2. This Order will not alter, affect, or modify the rights of Defendants to seek a jury trial or withdraw the reference, or otherwise move for a determination

regarding whether the Court has authority to enter a final judgment, or make a report and recommendation, in an adversary proceeding under 28 U.S.C. § 157, and all such rights of the Defendants shall be preserved unless otherwise agreed to in a responsive pleading.

B. **Extensions to Answer or File Other Responsive Pleading to the Complaint**

3. The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall be extended by 60 days such that an answer or other responsive pleading is due within 90 days after the issuance of the summons rather than 30 days after the issuance of the summons.

C. **Waiver of Requirement to Conduct Pretrial Conference**

4. Federal Rule of Civil Procedure 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rules 7004-2 and 7016-1 (i.e., pretrial conferences), is hereby waived and not applicable with respect to the Avoidance Actions. Neither the Plaintiffs nor any Defendant shall be required to appear at the initial pretrial conference, including any pretrial conference originally scheduled for October 6, 2025, or any subsequently scheduled pretrial conferences.

D. **Waiver of Requirement to Conduct Scheduling Conference**

5. Federal Rule of Civil Procedure 26(f), made applicable herein pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/ discovery plan), is hereby waived and is not applicable to the Avoidance Actions. Thus, the parties to the Avoidance Actions shall not be required to submit a written report as may otherwise be required under Federal Rule of Civil Procedure 26(f).

E. **Discovery, Mediation, and Dispositive Motion Schedule**

6. The disclosures required under Federal Rule of Civil Procedure 26(a)(1), as incorporated by Bankruptcy Rule 7026 (the "Initial Disclosures") shall be served upon the adverse party no later than December 1, 2025.

7. Except as set forth herein, all initial written interrogatories, document requests and requests for admission, if any, may be served upon the adverse party any time after the service of Initial Disclosures or in conjunction with the service of the Initial Disclosures. All initial written interrogatories, document requests and requests for admission, if any, must be served upon the adverse party no later than December 1, 2025. Local Rule 7026-2(b)(ii) shall be modified to allow the counsel for Plaintiffs and each Defendant serving the discovery request or response to be the custodian of such discovery material. For the avoidance of doubt, the deadlines to serve initial written discovery upon the adverse party does not apply to discovery propounded upon third parties.

8. The standard provisions of Federal Rule of Civil Procedure 33, made applicable herein pursuant to Bankruptcy Rule 7033, shall apply to the Avoidance Actions. Responses to interrogatories are due **60** days after service.

9. The standard provisions of Federal Rule of Civil Procedure 34, made applicable herein pursuant to Bankruptcy Rule 7034, including F.R.C.P. 34(b)(2)(E) regarding production of electronically stored information and Local Rule 7026-3, shall apply to the Avoidance Actions. Document production and responses to document requests are due **60** days after service.

10. The standard provisions of Federal Rule of Civil Procedure 36, made applicable herein pursuant to Bankruptcy Rule 7036, shall apply to the Avoidance Actions. Responses to requests for admission are due **60** days after service.

11. The parties to the Avoidance Actions shall have through and including March 1, 2026 to complete non-expert written fact discovery, excluding depositions of fact witnesses.

12. Should a discovery dispute arise, the complainant shall file with the Court a letter outlining said issues and forward a copy to chambers. Respondent must reply within two (2) business days. The letter, excluding exhibits, shall be no longer than two (2) pages. The Court shall then inform the parties if it will require a conference call or formal motion.

13. Any open Avoidance Actions that have not been resolved and/or settled by March 1, 2026 (the "Remaining Avoidance Actions"), shall be referred to mediation. By mutual agreement of the parties to any Avoidance Action, mediation may be conducted prior to March 1, 2026.

14. Between March 2, 2026 and March 13, 2026, Defendants in each of the Remaining Avoidance Actions shall choose a mediator from the list of proposed mediators (each a "Mediator," collectively, the "Mediators") qualified to handle these types of Avoidance Actions and listed on the Register of Mediators and Arbitrators Pursuant to Local Rule 9019-4 (the "Mediator List"), attached to the Procedures Motion as Exhibit D. If there are multiple Defendants in a Remaining Avoidance Action, they must agree on the selection of a single Mediator for that Remaining Avoidance Action. Concurrently, Defendants in each of the Remaining Avoidance Actions shall notify Plaintiffs' counsel of the Defendant's choice of Mediator by contacting Plaintiffs' counsel's paralegal, Laurie N. Miskowiec, in writing, via email at **lmiskowiec@askllp.com** or via letter correspondence addressed to ASK LLP, 2600 Eagan Woods Drive, Suite 400, St. Paul, MN 55121. If a Defendant in a Remaining Avoidance Action does not timely choose a Mediator from the Mediator List and notify Plaintiffs' counsel of

the same, Plaintiffs will assign such Remaining Avoidance Action to one of the Mediators from the Mediator List.

15. Upon notification of such selection or assignment, the selected Mediator shall have an opportunity to run conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from the particular mediation. Once the mediator selection period closes and a Mediator is selected or assigned, as applicable, Plaintiffs will file a notice of mediation indicating which mediator was selected.

16. On March 16, 2026, Plaintiffs, working with the Mediators, will commence scheduling mediations. Each Mediator will provide to Plaintiffs the dates on which the Mediator is available for mediation and the parties shall cooperate with the Mediators and each other regarding the scheduling of mediations. Plaintiffs' counsel shall contact each Defendant or each Defendant's counsel in each Remaining Avoidance Action with a list of proposed dates for mediation provided by the Mediator. Mediation will then be scheduled on a first-come, first-served basis.

17. Plaintiffs will give at least 21 days' written notice of the first date, time and place of the mediation in each Remaining Avoidance Action (the "<u>Mediation Notice</u>"), which notice shall be served on the applicable Defendant and filed on the docket of such proceeding.

18. Within 14 calendar days after the conclusion of the mediation, the Mediator shall file a report (the "<u>Mediator's Report</u>") in the Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

19. All mediations of the Remaining Avoidance Actions must be concluded by August 31, 2026.

20. Should mediation fail to resolve a Remaining Avoidance Action, pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of a) the parties for any issue on which they bear the burden of proof (including any report by Plaintiffs on insolvency *solely* to the extent Plaintiffs are still pursuing a section 548 count after the completion of mediation) and b) if Defendant intends to provide expert testimony regarding insolvency of the Debtors, such expert report, if any, shall be made to the adverse party within 60 days after the Mediator's Report is filed.

21. Pursuant to Federal Rule of Civil Procedure 26(a)(2), made applicable herein pursuant to Bankruptcy Rule 7026, disclosures and reports of a) the parties' rebuttal experts, and b) to the extent Plaintiffs are *not* pursuing a section 548 count after mediation, Plaintiffs' report on the insolvency of the Debtors, if any, shall be made to the adverse party the earlier of 115 days

after the Mediator's Report is filed or 55 days from the date the initial report is received.

22. All fact and expert discovery, including fact and expert witness depositions, shall be concluded within the later of (i) 120 days after the Mediator's Report is filed or (ii) January 31, 2027.

23. The standard provisions of Federal Rule of Civil Procedure 26(e), made applicable herein pursuant to Bankruptcy Rule 7026, shall apply to the Avoidance Actions with respect to supplementation of discovery responses.

24. All dispositive motions shall be filed and served by March 1, 2027. The Local Rules governing dispositive motions in adversary proceedings, including Local Rules 7007-1 – 7007-4, shall apply.

**F. Mediation Procedures and Requirements**

25. Because the Remaining Avoidance Actions are proceedings before this Court, Delaware is the proper forum for mediation. Local Rule 9019-5 and the Court's mediation order, Delaware Bankruptcy Court General Order re Procedures in Adversary Proceedings, dated April 7, 2004, as amended April 11, 2005 (establishing mediation procedures for all adversary proceedings), shall govern the mediations, except as otherwise set forth herein.

26. The Mediators shall be required to provide the disclosures required pursuant Local Rule 9019-2(e).

27. The parties in each Remaining Avoidance Action will participate in the mediation, as scheduled and presided over by the chosen Mediator, in good faith and with a view toward reaching a consensual resolution. Mediation shall be attended by each party and/or counsel for each party and a representative of each party having full settlement authority. The default method and/or location of mediation shall be via Zoom or other equivalent secure video platform, *except that* the parties may, by consent and with the Mediator's approval, agree to attend mediation in person, in which case the mediation will be held in person at the Mediator's office. Should a dispute arise regarding a Mediator's decision on the location of mediation, a party may apply to the Court, in advance of the mediation, by sending a letter outlining said issues to chambers. The Court may then schedule a conference call to address the issues.

28. The Mediator will preside over the mediation with full authority to determine the nature and order of the parties' presentations, and the rules of evidence will not apply. Each Mediator may implement additional procedures which are reasonable and practical under the circumstances.

29. The Mediator, in the Mediation Notice (by language provided to Plaintiffs by the Mediator) or in a separate notice that need not be filed, may require the parties to provide to the Mediator any relevant papers and exhibits, a statement of position, and a settlement proposal. In the Mediator's discretion, upon notice (which need not be filed), the Mediator may adjourn a mediation or move a mediation to a different location within the same jurisdiction. The Mediator may also continue a mediation that has been commenced if the Mediator determines that a continuation is in the best interest of the parties.

30. The parties must participate in the scheduling of mediation and mediate in good faith. If the Mediator feels that a party to the mediation is not attempting to schedule or resolve the mediation in good faith, the Mediator may file a report with the Court. The Court may, without need for further motion by any party, schedule a hearing. If the Court determines that the party is not cooperating in good faith with the mediation procedures, the Court may consider the imposition of sanctions. Additionally, if either party to the mediation is not attempting to schedule or resolve the mediation in good faith, the opposite party may file a motion for sanctions with the Court. Litigation with respect to the issuance of sanctions shall not delay the commencement of the mediation. Sanctions may include, but are not limited to, attorney's fees and costs and Mediator's fees.

31. Upon notice and a hearing, a party's failure to appear at the mediation or otherwise comply with the Procedures Order with respect to mediation, may result in a default judgment or dismissal being obtained against the party failing to comply with the mediation provisions. The Mediator shall promptly file a notice with the Court when any party fails to comply with the mediation provisions set forth in the Procedures Order.

32. The fees of the Mediator shall be paid by the Plaintiff on a per case basis. The Mediator's fees shall be fixed as follows:

    (a) cases with a claim amount (as reflected in the complaint) of less than $250,000: $3,000.00 per case;

    (b) cases with a claim amount (as reflected in the complaint) equal to or greater than $250,000 and less than $1,000,000: $4,000 per case; and

    (c) cases with a claim amount (as reflected in the complaint) equal to or greater than $1,000,000: $6,000 per case.

33. In addition to the fixed fee, the Plaintiffs shall pay the Mediator a $250.00 administrative fee (the "Administrative Fee") upon acceptance of appointment.

34. Mediation that is continued for more than one calendar day will be continued on an hourly fee basis at the rate of $500.00 per hour to be paid by the Plaintiffs.

35. Defendants that have multiple Avoidance Actions in the underlying bankruptcy cases against them may mediate all related Avoidance Actions at one time. The Mediator's fees will be based upon the combined total claim amount for all related Avoidance Actions.

36. Mediation statements are due seven (7) calendar days prior to the mediation to the Mediator. Unless otherwise directed by the Mediator, the mediation statements shall be shared with the opposing party, except that any party that has confidential information may share the same solely with the Mediator. The Mediator will direct the parties as to further instructions regarding the mediation statements. For the avoidance of doubt, the Mediator and the parties shall be permitted to share mediation statements with the Committee.

37. Without the prior consent of both parties, no Mediator shall mediate a case in which he/she or his/her law firm represents a party. If a Mediator's law firm represents any Defendant in the Avoidance Actions, then: (a) the Mediator shall not personally participate in the representation of that Defendant; (b) the law firm shall notate the file to indicate that the Mediator shall have no access to it; and (c) any discussions concerning the particular Avoidance Action by employees of the law firm shall exclude the Mediator. The Mediator's participation in mediation pursuant to the Procedures Order shall not create a conflict of interest with respect to the representation of such Defendants by the Mediator's law firm.

38. The Mediator shall not be called as a witness by any party except as set forth in this paragraph. No party shall attempt to compel the testimony of, or compel the production of documents from, the Mediators or the agents, partners or employees of their respective law firms. Neither the Mediators nor their respective agents, partners, law firms or employees (a) are necessary parties in any proceeding relating to the mediation or the subject matter of the mediation, nor (b) shall be liable to any party for any act or omission in connection with any mediation conducted under the Procedures Order. Any documents provided to the Mediator by the parties shall be destroyed 30 days after the filing of the Mediator's Report, unless the Mediator is otherwise ordered by the Court. However, subject to court order, a Mediator may be called as witness by any party and may be compelled to testify on a limited basis in proceedings where it is alleged that a party failed to comply with mediation as is required in the foregoing paragraphs of this Procedures Order. Local Rule 9019-5(d) shall apply.

39. All proceedings and writings incident to the mediation shall be privileged and confidential, and shall not be reported or placed in evidence. Local Rule 9019-5(d) shall apply.

### G. Avoidance Action Hearings

40. The initial pretrial conference scheduled for October 6, 2025 at 10:00 a.m. (ET) shall be deemed waived. Thereafter, except as otherwise ordered by the Court, the pretrial conference shall be adjourned to future date(s), if any, as properly noticed.

41. If, after all discovery has been completed in an Avoidance Action and mediation has concluded but was not successful, and any issues of fact or law remain after dispositive motions, if any, have been decided, the parties to the applicable Avoidance Action shall so inform the Court. At the next scheduled omnibus hearing or at such other date convenient to the Court, the Court will address additional issues arising subsequent to the Procedures Order, set additional deadlines, if necessary, establish a due date by which the parties must file a joint pretrial order, and schedule a trial on the Avoidance Action that is convenient to the Court's calendar.

### H. Miscellaneous

42. The Local Rules for the United States Bankruptcy Court for the District of Delaware shall apply, except that the Procedures Order shall control with respect to the Avoidance Actions to the extent of any conflict with other applicable rules and orders.

43. The deadlines and/or provisions contained in the Procedures Order may be extended and/or modified by the Court upon written motion and for good cause shown or consent of the parties pursuant to stipulation, which stipulation needs to be filed with the Court; and it is further

ORDERED, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 19th, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 2

| Company Name | Adversary No. |
|---|---|
| 4Refuel Canada LP | 25-51208 |
| 7 Oil Company, Inc. | 25-51204 |
| Allied-Ott Petroleum Equipment LLC | 25-51220 |
| Amarok, LLC | 25-51225 |
| American Transport, Inc. | 25-51226 |
| AmeriGas Propane, L.P. | 25-51244 |
| Appcast, Inc. fdba Bayard Advertising Agency | 25-51250 |
| Assetworks Inc. fdba Assetworks LLC | 25-51253 |
| AT&T Inc. | 25-51259 |
| ATB Freight Expeditors, LLC | 25-51262 |
| Aurora Parts & Accessories, LLC | 25-51263 |
| Avery Weigh-Tronix, LLC | 25-51264 |
| B2B Casuals, Inc. dba B2B Supply | 25-51268 |
| Belk Logistics LLC dba Belk Express | 25-51271 |
| Bestar Inc | 25-51238 |
| Bestpass, Inc. | 25-51276 |
| Bob Riley Distributors, Inc. dba Riley Oil | 25-51286 |
| Bob's Mobile Service, Truck & Trailer Repair | 25-51217 |
| Bradley's Truck Service, Inc. | 25-51291 |
| Bridgestone Americas, Inc. | 25-51292 |
| BS Transport LLC; and TBS Factoring Service, LLC | 25-51643 |
| C&J Contracting, Inc. | 25-51300 |
| C.H. Robinson Company Inc. ** | 25-51818 |
| C.H. Robinson Worldwide, Inc. ** | 25-51819 |
| Canadian National Railway dba CN | 25-51600 |
| Cano and Sons Trucking, LLC | 25-51301 |
| Cass Information Systems, Inc. | 25-51601 |
| Cellco Partnership dba Verizon Wireless | 25-51305 |
| Chevron Corporation dba Chevron Products Company | 25-51312 |
| Comdata, Inc. | 25-51602 |
| Continental Tire of the Americas, LLC | 25-51315 |
| ConvergeOne, Inc. | 25-51316 |
| Coyote Logistics, LLC | 25-51603 |
| CrossCountry Courier, Inc. dba CrossCountry Freight Solutions | 25-51329 |
| CSG Systems, Inc. | 25-51338 |
| CSTK Inc. | 25-51342 |

| | |
|---|---|
| Daimler Truck North America LLC dba Fleet Boost fdba Pinnacle Fleet Solutions | 25-51356 |
| Data View LLC | 25-51364 |
| Decker 24 HR Truck and Trailer, Inc. | 25-51366 |
| Diesel Direct West, LLC fdba Diesel Direct West Inc. | 25-51373 |
| Diesel Direct, LLC fdba Diesel Direct, Inc. | 25-51376 |
| Direct ChassisLink, Inc. | 25-51381 |
| Diversified Energy Supply, LLC | 25-51386 |
| Dohrn Transfer Company, LLC fdba U.S. Special Delivery, LLC | 25-51387 |
| Dun & Bradstreet, Inc. | 25-51391 |
| Durable Diesel Inc. | 25-51392 |
| EAN Services, LLC | 25-51322 |
| eFuel, LLC dba Easy Fuel Inc. | 25-51328 |
| Enterprise Marketing Services LLC dba MERGE | 25-51339 |
| Environmental Management Incorporated | 25-51340 |
| Express Trailer Repair | 25-51355 |
| Ferrellgas Partners, L.P. dba Ferrellgas | 25-51357 |
| First Advantage Background Services Corp. | 25-51360 |
| FleetPride, Inc. | 25-51374 |
| Fletes Mexico Carga Express | 25-51375 |
| Florida East Coast Railway, L.L.C. | 25-51377 |
| Gardaworld Security Services, Inc. | 25-51401 |
| Gardewine & Sons Ltd. | 25-51403 |
| GBS Corp. | 25-51404 |
| GEOS Environmental, Inc. | 25-51407 |
| GIGG Express Inc. | 25-51409 |
| GLS Logistics Systems Canada Ltd. | 25-51411 |
| Goal Transports, LLC dba Trans-National Express | 25-51412 |
| Goetz Energy Corporation | 25-51413 |
| Haulistic LLC | 25-51606 |
| Heritage Logistics, LLC; and Riviera Finance, Inc. | 25-51654 |
| Heritage Petroleum, LLC | 25-51419 |
| Hightowers Petroleum Company | 25-51426 |
| Honeywell International Inc. dba Honeywell Scanning and Mobility | 25-51435 |
| Horacio Rey Gonzalez dba The Transporter DS | 25-51437 |
| Imperial Supplies LLC | 25-51458 |
| Indeed, Inc. | 25-51460 |
| Infostretch Corporation | 25-51461 |
| Ingenovis Health, Inc. dba Fastaff; and Flume Consulting Group Inc. | 25-51676 |

| | |
|---|---|
| International Motors, LLC dba Fleet Charge | 25-51607 |
| ITF Group LLC dba ITF LLC | 25-51471 |
| J J Advantage Enterprises Inc. dba J.J. Advantage Security | 25-51472 |
| Jacobus Energy, LLC | 25-51477 |
| James River Petroleum, Inc. | 25-51478 |
| Johnson Oil Company of Gaylord | 25-51483 |
| Keramida Environmental, Inc. dba Keramida, Inc. | 25-51485 |
| Lao-Hmong Security Agency, Inc. | 25-51492 |
| Last Mile Distribution LLC dba Intercept Logistics | 25-51493 |
| Leuf of Florida Inc. | 25-51494 |
| Lexmark International Inc. | 25-51496 |
| M&M Motor Service, LLC | 25-51500 |
| Magnum LTL, Inc. | 25-51503 |
| Mansfield Oil Company of Gainesville, Inc. | 25-51504 |
| Maritime Ontario Freight Lines Ltd. dba M-O Freight Works | 25-51609 |
| Master Fleet LLC | 25-51509 |
| Meijer, Inc. | 25-51438 |
| Melgar Trucking Service Inc; and TAFS, Inc. fdba Transom Financial Services Inc. | 25-51711 |
| Mirabito Energy Products of Massachusetts, LLC | 25-51520 |
| National Landscape Management, LLC | 25-51827 |
| Nelson Fuel Incorporated | 25-51532 |
| Norfolk Southern Corporation | 25-51536 |
| NTT DATA Services, LLC | 25-51539 |
| Offen Petroleum, LLC | 25-51553 |
| Optym, Inc. | 25-51558 |
| Orgill, Inc. | 25-51452 |
| OSCO Incorporated | 25-51560 |
| PACCAR Financial Corp. | 25-51564 |
| PACCAR Inc. dba PACCAR Parts Fleet Services | 25-51565 |
| Packaging Corporation of America ** | 25-51817 |
| Parkland Fuel Corporation dba Conrad & Bischoff, Inc. | 25-51568 |
| Pasha Hawaii Holdings LLC | 25-51570 |
| Penske Truck Leasing Co., L.P. | 25-51610 |
| PetroCard, Inc. | 25-51579 |
| Pontoon Solutions, Inc. | 25-51581 |
| Portland Air Freight, Inc. dba PAF Transportation, Inc. | 25-51583 |
| Printronix, LLC | 25-51587 |
| Progistics Distribution , LLC fdba Progistics Distribution Inc. | 25-51588 |

| | |
|---|---|
| Publicis Sapient AI Labs, Inc. | 25-51590 |
| R & D Mobile Services | 25-51591 |
| Rays Tire Service LLC | 25-51598 |
| Re Trans Freight, Inc. | 25-51615 |
| Rice Lake Weighing Systems, Inc. | 25-51621 |
| Road-1, Inc. | 25-51624 |
| Rob's Painting and Handyman LLC | 25-51628 |
| Rush Truck Centers of Idaho, Inc. dba Rush Truck Center, IdahoFalls | 25-51632 |
| Russ Diesel, Inc. | 25-51633 |
| S&S Management Group LLC (NC) dba Security Solutions of America | 25-51642 |
| Safer Transportation Inc.; and Apex Capital Corp. | 25-51733 |
| Safety-Kleen Systems, Inc. | 25-51531 |
| SC Commercial, LLC SC Fuels | 25-51648 |
| Schmidt & Sons, Inc. | 25-51649 |
| Schneider Logistics, Inc. | 25-51780 |
| Schneider National, Inc. | 25-51650 |
| Securitas Security Services USA, Inc. | 25-51651 |
| Shiplify, LLC | 25-51663 |
| Signode Industrial Group LLC dba Shippers Products | 25-51665 |
| Southern Motor Carriers Association, Inc. dba SMC3 | 25-51667 |
| Span-Alaska Transporation, LLC | 25-51669 |
| Speedy Transport Group Inc | 25-51671 |
| Staples, Inc. dba Staples Business Advantage | 25-51611 |
| STL Truckers, LLC; and TAFS, Inc. dba Transam Financial Services, Inc. | 25-51735 |
| Superior Service Transport, Inc. | 25-51682 |
| Swaitch Logistics LLC; and WEX Inc. dba WEX Fleet One | 25-51746 |
| T I G Fleet Service, Inc. | 25-51691 |
| Tacoma Moving and Storage Co. dba Tacoma Motorfreight Services | 25-51694 |
| Taylor Communications, Inc. | 25-51697 |
| Ten Logistics, Inc. | 25-51705 |
| Tenstreet LLC | 25-51706 |
| TForce Worldwide, Inc. dba TFWW | 25-51785 |
| The Home Depot, Inc. | 25-51847 |
| The Kroger Co. dba Kroger | 25-51787 |
| Timothy Victor McCoy dba TNT McCoy Services | 25-51716 |
| Total Quality Logistics, LLC | 25-51612 |
| Tote Maritime Puerto Rico, LLC | 25-51725 |
| Truck Centers, Inc. dba Truck Centers Inc. Troy | 25-51537 |

| | |
|---|---|
| TruckPro, LLC | 25-51741 |
| U.S. Xpress Enterprises, Inc. | 25-51744 |
| Uline, Inc. dba Uline Shipping Supply Specialists dba Uline Canada Corporation | 25-51613 |
| United Auto Transport; and Advance Capital Solutions, LLC dba ACS Factors | 25-51760 |
| United Parcel Service, Inc. | 25-51745 |
| Verizon Connect Telo Inc. | 25-51750 |
| Vestis Corporation fdba Aramark Uniform + Career Apparel, LLC | 25-51751 |
| VFS US LLC dba North American Transaction Services | 25-51614 |
| VWR International, LLC | 25-51573 |
| W. W. Grainger, Inc. dba Grainger | 25-51755 |
| Walgreen Co. | 25-51797 |
| West Power Services LLC | 25-51758 |
| Western Peak Logistics, LLC | 25-51761 |
| Westrock Container, LLC | 25-51762 |

*164 Adversary Proceedings